## Huff *versus* Richardson.

1. The acknowledgment of a debt, in order to take it out of the statute of limitations, must be not only unambiguous and express, but must have specific reference to the instrument on which the claim is founded, or to the amount of indebtedness.

2. Where there are mutual dealings and unsettled accounts between the parties, the acknowledgment, to avoid the statute, must be of a fixed sum, or the balance should admit of a ready and certain ascertainment.

3. The offer by the defendant of a horse on account, which was not accepted by the plaintiff, was not a sufficient acknowledgment of the debt to remove the bar of the statute.

ERROR to the Common Pleas of *Westmoreland county.*

This was an action by Richardson & Co. *v.* Huff, to recover the balance of book accounts, which was alleged, on part of defendant, to be barred by the statute of limitations.

It was admitted that the books of the plaintiff showed a balance of account of $130.20 against the defendant, entered 16th. June, 1843.

In May, 1849, Richardson sued the defendant before a justice. It was stated to have been "for debt and settlement." The parties appeared before a justice, and Richardson presented a statement of his claim from his books. The paper was submitted in Court. See the opinion of WOODWARD, J., for a statement of the proceeding and conversation in the presence of the justice.

It was further testified by the justice, that, in the conversation in his presence, Huff asked Richardson if he (Huff) had not offered Richardson a horse in part payment of the account. Richardson said he had, but the horse did not suit him. The horse was offered in the spring of 1848.

The evidence was demurred to. It was agreed that in case the Court enter judgment for the plaintiff, it should be entered for $130.20, with interest from 16th June, 1843. May 1, 1851, the Court entered judgment for the plaintiffs for $191.61 and costs.

*Foster,* for plaintiff in error.—He contended that the acknowledgment was not sufficient to take the claim out of the statute

[Huff *v.* Richardson.]

of limitations. He referred to 2 *Harris* 319, Nixon *v.* Brown-field; 9 *Barr* 410, Laforge *v.* Jayne. The acknowledgment ought to be distinct: 6 *W. & Ser.* 213, Gilkyson *v.* Larue; 4 *Barr* 321, Morgan *v.* Walton.

*Drum,* contrà.—The account from the books showed the amount. The admissions of the defendant related to the claim. The defendant did not show that he was entitled to any credits. There was a promise to pay.

As to the law in cases of demurrer, Davis *v.* Steiner, 2 *Harris* 275, was referred to.

The opinion of the Court was delivered by

WOODWARD, J.—The acknowledgment of a debt, to take it out of the statute of limitations, must be not only unambiguous and express, but must have specific reference to the instrument or amount of indebtedness. If a debtor distinctly recognise his note of hand, his bill, or a book account, barred by the statute of limitations, and promise to pay it, he revives the debt and deprives himself of the protection of the statute. If he acknowledge its existence in terms that are consistent with a promise to pay, the law will imply the promise and hold him liable. In such instances the extent of the liability is readily measured by the instrument acknowledged.

But where there are mutual dealings and unsettled accounts between the parties, he who would enforce a claim after six years and against a plea of the statute, must prove the acknowledgment of a fixed sum, or, at the least, of a balance which admits of a ready and certain ascertainment. If he do not this, to what sum or claim are the confessions of his debtor to be applied? What items, what proportion of the creditor's accounts are to be regarded as the subject of the new promise and thus exempted from the operation of the statute?

In the case before us the plaintiff's claim, as agreed upon, is $130.20, with interest from the 16th June, 1843, yet he first sued it before a justice of the peace. To take it out of the statute he relies on the defendant's declarations before the justice, who swears that the defendant insisted on the statute of limitations before him; that he dismissed the suit; that it was agreed between the parties that they had talked the matter over in the fall of 1847; that the books were not then at home; that Huff at that time said he thought he ought to have more credit for some salt; that they agreed to meet there the spring or summer following, when the book would be at home, and if Huff could satisfy Richardson he was entitled to further credits, they were to be allowed, and they were then to settle off the books, and Huff was to pay Richardson.

Now granting that all this amounts to an acknowledgment of

2 K 2

[Huff *v.* Richardson.]

any indebtedness, how are we to ascertain what amount or balance it applies to ? There was no recognition of this book account. It was not present at the conversation of 1847. Huff claimed credits that were indefinite. The allowance of them depended on his convincing Richardson of their justice. They were to settle off the book accounts, and then Huff was to pay Richardson. To pay him what ? The book account as it stood ? There is not a word to justify such an inference. If he was to pay him the balance on settlement, that is unascertained and is not the claim in suit.

This case illustrates the difficulty of torturing such ambiguous expressions into a surrender of legal rights. The statute of limitations is a salutary statute, and is often the only shield against stale claims. If a party is to be stripped of its protection, let it be on proof of such acknowledgments and promises as courts can apply without violating reason or justice, but not on proof that is no more applicable to the sum claimed in this action than to any other that is imaginable.

A promise to settle and pay is no better than a promise to settle, which, in Morgan *v.* Walton, 4 *Barr* 321, was held too indefinite to avoid the statute.

Equally vague and unsatisfactory was the evidence of acknowledgment derived from the defendant's offering the plaintiff a horse on account, which did not suit the plaintiff.

Part payment of a debt is acknowledgment, but the offer of a horse, not accepted, is not. No just implication of a promise to pay the debt now in suit can be made from the evidence before us, and therefore the Court were wrong in rendering judgment for the plaintiff in the demurrer.

> The judgment is reversed and judgment is entered for the defendant for costs.