# Clark *versus* Burn *et al.*

1. An endorsement of partial payment on a note by one of two promisors, made in the handwriting of the payee, will not avoid the bar of the Statute of Limitations as to the other promisor, in the absence of evidence of payment by the latter.

2. Coleman *v.* Fobes, 10 Harris 156, affirmed.

March 27th 1878. Before Agnew, C. J., Sharswood, Mercur, Gordon, Paxson, Woodward and Trunkey, JJ.

Error to the Court of Common Pleas of *Chester county*: Of July Term 1875, No. 48.

Assumpsit by H. B. Burn and J. R. Hinkson, administrators of Eli W. Hinkson deceased, against Maris T. Clark, on the following note:—

"$400                          Highland, March 30th 1867.

One year after date we promise to pay to Eli W. Hinkson, or order, the sum of four hundred dollars, with interest, without defalcation, for value received.          Ferdinand E. Groce,
                                              Maris T. Clark."

With the following endorsements thereon, viz:

" Rec'd March 25,'68, on the within one year's interest.
                                              Eli W. Hinkson."

" Rec'd March 16,'69, on the within one year's interest.
                                              Eli W. Hinkson."

" Rec'd on the within one year's interest.
                                              Eli W. Hinkson."

" Rec'd January 11,'71, on the within one year's interest.
                                              Eli W. Hinkson."

" Rec'd April 9,'72, on the within interest for one year
                                              Eli W. Hinkson."

[Clark *v.* Burn.]

" Rec'd Sept. 1, 1872, on the within one hundred and two fifty.
$102.50.                                        E. W. Hinkson."

" Rec'd March 31,'73, on the within eighteen dollars.
$18.                                           E. W. Hinkson."

Hinkson died in June 1873, and this suit was brought November 4th 1874. Clark caused an appearance to be entered for him, and filed an affidavit of defence, setting forth that he was only surety on the note, that no payments thereon had ever been made by him or with his knowledge; that more than six years had elapsed since the note became due, and that he relied upon and pleaded the Statute of Limitations. No appearance was entered for Groce, and he made no defence.

Issue was joined with Clark alone, and the case was placed upon the trial list. It appearing that Groce was the party sued with Clark, before proceeding to trial, on motion of the plaintiff's counsel, judgment by default was entered against him. A jury was then empannelled and sworn to try the issue between the plaintiffs and Clark.

At the trial, the foregoing note was given in evidence. The defendant offered in evidence, the following receipts, which were in the handwriting of E. W. Hinkson.

"April 9th 1872. Received of F. H. Groce twenty-four dollars, interest on a promissory note.                Eli W. Hinkson."

"March 31st 1873. Received of F. H. Groce eighteen dollars on promissory note.                          Eli W. Hinkson."

This was all the evidence offered by either party. The defendant asked the court to charge that, "under the evidence the plaintiffs cannot recover, and the verdict must be for the defendant."

The court reserved the point, and submitted the case on the evidence, with instructions to render a verdict for the defendant, unless it should be found that the defendant participated in making the payments; and in case it should be so found, then to render a verdict for the plaintiffs.

The jury found for the plaintiffs for $226.26.

The court, Butler, P. J., subsequently directed judgment to be entered on the verdict, in an opinion, inter alia, saying:

" As the case stands we have no positive testimony how, or by whom, the payment was made. Have we grounds for legitimate inference, by which the fact can be ascertained? This is the question raised by the point.

" The facts are that the debt was joint—the obligation and duty to pay, resting equally on both—that payments were made by Groce, personally, and that for these payments separate receipts were taken in his own name, particularly exhibiting the fact that he paid.

" Our impression on the trial was that an inference might legiti-

[Clark *v.* Burn.]

mately be drawn from these facts, that the payments here involved were by both; that as the duty was on both, both participated in discharging it; and especially as there was evidence that when Groce alone paid (as shown in the two instances referred to), he took receipts in his own name, particularly exhibiting the payment by himself; that the inference was one of fact, to be drawn by the jury, or not, as might seem reasonable. And as' this impression has not been removed, we must disaffirm the point, and direct judgment to be entered on the verdict."

This action of the court was assigned for error by defendant.

*J. Smith Futhey*, for plaintiff in error.—There was no evidence to justify the submission to the jury of the question whether Clark had participated in the payments. The case of the plaintiffs below rests wholly on the fact that Hinkson, the holder of the note, made endorsements thereon of payments of interest and on account of principal, without specifying by whom the payments were made. In England, and in this country generally, such endorsements do not take the note out of the statute, without evidence that the endorsements were made with the knowledge of the party sought to be charged: 3 Pars. on Cont. 75, and cases there cited.

They are not evidence unless it affirmatively appears that the payments were made within the prescribed period: Cremer's Estate, 5 W. & S. 331. These endorsements are admissible because they are declarations made against defendant's own interest: Shaffer *v.* Shaffer, 5 Wright 51; but this rule has heretofore been allowed to prevail only where there was *one party* to the instrument, and did not touch the question as to the effect of the endorsement where there were *two or more* signers to the instrument. To remove the bar of the statute, there must be a *new promise*, or circumstances from which one can be properly implied, and it is confidently submitted that simple endorsements of payments on the instrument, made by the holder, without more, are not to be treated as evidence of a new promise *by all of several debtors.* Such endorsements are simply evidence of payment, but do not prove who made them; *the burthen of showing which*, beyond a reasonable doubt, is on the party seeking to avoid the bar of the statute.

The court below seemed to think, there was some evidence in the fact that Groce held separate receipts for two of the payments endorsed on the bond, and left room for the inference to be drawn, that Groce made no payments except where such separate receipts could be produced, and consequently that Clark may have made the rest of the payments. These receipts were not produced by the plaintiffs below, but by the defendant, as evidence that Groce made all the payments endorsed on the bond as was alleged, and to show, so far as independent evidence could be reached, that such was the case.

[Clark v. Burn.]

The possession of these receipts was no evidence that they were the only payments made by Groce, and give no room for the inference that he made no other payment.

*Alfred P. Reid*, for defendant in error.—An endorsement on a note of a payment on account, in the handwriting of the holder, proved to have been made within six years from the date of the note and time of suit brought, is evidence which will prevent the operation of the Statute of Limitations: Addams *v.* Seitzinger, 1 W. & S. 243; Cremer's Estate, 5 W. & S. 331; Burr *v.* Burr, 2 Casey 284. The endorsements are evidence of payment: Shaffer *v.* Shaffer, 5 Wright 54.

It is an inference for the jury to draw that the payments credited were made by the maker of the note. That they were so made is a reasonable and proper conclusion, based upon the duty to pay. The same is true where they are joint debtors. Where both are equally under obligation to pay, the same inferences against both are as logical and necessary. There was no evidence that Clark was a surety. It is a reasonable presumption, that when one debtor makes a payment on a joint obligation, he does so as the agent of all liable, and with the money of all, as it is in relief of all.

It is fair to conclude also, that if Groce made all the payments endorsed on the note, he would have taken receipts, as he did in the two instances when he made the payments.

Chief Justice AGNEW delivered the opinion of the court, April 4th 1878.

The judgment in this case overturns an express decision, and takes a step backward from the modern doctrine upon the Statute of Limitations. Groce and Clark gave their joint note to Hinkson. Hinkson endorsed payments of interest and principal on the note within six years from its date; but failed to specify by whom the payments were made; and no evidence was given to show that any payment was made by Clark. Upon this state of facts was the bar of the Statute of Limitations removed as to Clark? The simple proposition is that a general endorsement by the plaintiff will take the case out of the statute as to all the parties. This contravenes the principle of Shaffer *v.* Shaffer, 5 Wright 54 (opinion by Judge STRONG), that it is the *payment* which raises the presumption of an acknowledgment of the debt, the endorsement being only evidence of the payment, the time of which must be otherwise proved. Clearly he only, who made the payment, can be presumed to acknowledge the debt. To assert that because one man pays, another acknowledges, is so palpably illogical, I am at a loss to understand the ratiocination. If we observe the source of the evidence, the case is still worse. This source is the party himself. Concede that his entry of payment being against his interest when proved to have

[Clark *v.* Burn.]

been made within six years, it may be accepted as prima facie evidence of the fact of payment by *some one;* this is its whole effect. When this entry is used to renew a debt barred by the statute, by what kind of legal reasoning can an entry which specifies no one be made to cover this defendant, or how can a payment be imputed to one who is not known, or shown to have made it? If the creditor can thus by a general entry, designating no one making the payment, bind all and prevent the bar of the statute, he does by his entry, what the party who made the *payment* cannot do, he has constituted *him* as the agent of the others to make an *acknowledgment,* having the force of a new promise to pay the residue. This proves the unsoundness of the position that the entry affords a prima facie presumption, calling on the defendant to repel it. Evidence, to be prima facie, must *apparently* apply to the defendant. But this entry, which is the only evidence, applies not to him, and to assume that he is bound by it, is to assert that he, whoever it was who made the payment, is *authorized* to make an *acknowledgment* binding on him to bar the statute. This is palpably unsound. On principle, the case is with the defendant. But to sustain the decision the case of Coleman *v.* Fobes, 10 Harris 156, must be overruled. That case in express terms overruled Zent's Amr. *v.* Heart, 8 Barr 337. Coleman *v.* Fobes was a well-considered case, and contains a searching examination of the authorities, as well as the principles applicable to the statute. It is also on all fours with this case. The entry on the note was in these words: "Received, Smethport, January 18th 1840, on this note $12.18." In the parol proof, it was shown that the payment was made by a *surety* in the note, and the court below held that the payment took away the bar of the statute as to the principal. This court reversed the judgment, holding that even a surety was not the agent of the principal to make an acknowledgment to take the case out of the statute; and that the acknowledgment stands on the footing of a new promise, which one joint debtor cannot make for another. Coleman *v.* Fobes is, moreover, wholly at variance with the doctrine of a prima facie presumption. For if a bona fide payment by a *surety* accepted, and endorsed by the creditor in general terms, designating no one, cannot raise an acknowledgment by the principal to take the case out of the statute, much less can a mere endorsement of payment, designating no one, raise an acknowledgment of each and all the debtors, to stand as the equivalent of a new promise to bar the statute. Mere joint promissors are not the agents of each other, and even partners whose agency has ceased by dissolution, cannot bind each other by a new promise or an acknowledgment: Levy *v.* Cadet, 17 S. & R. 126; Searight *v.* Craighead, 1 Penna. 135; Houser *v.* Irvin, 3 W &. S. 347; Schoneman *v.* Fegley, 7 Barr 433. The theory of the law, says GIBSON, C. J., is not that the old promise is revived, but that the subsequent confession of the debt is evidence of a new one, and

[Clark v. Burn.]

he who has no authority to act for another cannot bind him by acknowledging that he is indebted, or by expressly promising for him that he shall pay : Houser v. Irwin, supra. The force of Coleman v. Fobes is sought to be broken by stating that the affirmative evidence of payment by the surety proves that the principal did not acknowledge the debt. But that is a concession to the weakness of this case. It admits that the party who did not make the payment is not bound ; and yet without any evidence that he did pay, imputes the payment to him for the very purpose of barring the statute, when the undoubted rule is that a barred debt cannot be taken out of the statute, unless by the clear, unqualified and precise acknowledgment of the debtor himself, or by a new promise to pay. Now, to impute an acknowledgment to him, without evidence, that the act from which the inference is drawn is his act, is to raise a legal inference from that, which is or may be the act of another. This is plainly contrary to the undoubted and well-settled doctrine of the statute, that its bar can be set aside, only by the acknowledgment of the party himself who pleads it. Hence, to raise a new promise, or its equivalent acknowledgment, from a prior joint duty to pay, is to rest the evidence of a new duty to pay, upon a duty already barred by the statute. It confounds the effect of payment by him who made it, with the evidence which must be given by the creditor to raise a new promise by him who did not make it. It is from the act of payment only, an acknowledgment is inferred. It requires a second inference to reach him, who did not make the payment. This is not only contrary to the doctrine upon the statute, that its bar cannot be removed, except by a clear, unequivocal and certain acknowledgment, but contrary to the general rule of evidence that an inference cannot be founded on an inference. It is said if such an endorsement will not bind both, it will bind neither. True, but this is only the legitimate effect of the statute which creates the bar ; and then how can an uncertain and equivocal endorsement by the creditor have a greater force than an uncertain or equivocal acknowledgment by the debtor ? Neither can toll the statute. It can be tolled only by an express promise or an acknowledgment, so certain and unequivocal, that not only the debt, but the debtor is made certain. The position that a general entry of payment by the creditor, designating no one, will be the evidence of a new promise to pay, after the duty to pay is barred by the statute, of all who subscribed to the original duty to pay, conflicts with all the modern decisions upon the necessity of certainty in the acknowledgment. The rule is forcibly stated by Justice SHARSWOOD, in Johns v. Lanz, 13 P. F. Smith 324. " The decisions of this state (he remarks) apply very strict rules to acknowledgments to take a case out of the Statute of Limitations, and very rightly so. We mean to adhere to them in letter and spirit. The present state of the law is well summed up by our Brother AGNEW in one of the latest. In order to take a case out of the operation of the statute,

[Clark *v.* Burn.]

the acknowledgment of the debt must be clear, distinct and unequiv-
ocal.    It must be so distinct and palpable in its extent and form as
to preclude hesitation." Citing Wolfensberger *v.* Young, 11 Wright
516.    The same rule is stated by Justice READ, in McClelland's
Ex'rs *v.* West, 9 P. F. Smith 487.    "It must be an express ac-
knowledgment of a subsisting debt.    Nothing but an unequivocal
admission of indebtedness is such evidence of a promise to pay as
will take a case out of the Statute of Limitations."  Now take the case
before us—a note drawn by two, or it might be half a dozen persons,
and payment of five dollars endorsed, designating no one.    What is
more uncertain or equivocal ?    As a fact on which a new promise is
to arise, who paid it ?    This is not merely equivocal, but *unknown.*
What right has a jury, from an unknown fact, to infer a certain and
distinct conclusion?    All the authorities agree that the presumption
of a promise arises on the act of payment, not the duty of payment.
The duty of payment arises on the original promise, but *non constat*
who performed this duty ?  and this is the only basis of a presump-
tion.    In this case, who made the endorsed payment ?    Who says
Clark did ?    He furnished no evidence against himself—it is no
legal conclusion.    If it be, the law removes the bar of the statute by
a legal inference, and not the party by his promise or acknowledg-
ment.    The effect is the law raises the new promise, and not the only
party who can waive the bar.    Yet we are asked to hold that the
*creditor's* uncertain act, his loose entry, is a clear, distinct and une-
quivocal acknowledgment, or new promise, of Maris T. Clark, who
is connected with the efficient act by no proof whatever, and say to
him, though discharged by lapse of time : "Prove yourself clear."
This is a plain inversion of the doctrine of the statute, that there
must be an *agency* to make, and to receive the acknowledgment or
promise.    "To be binding (says Justice PAXSON), it ought to be
made under circumstances which indicate an actual intention to pay
the debt, not a mere loose declaration:" McKinney *v.* Snyder, 28
P. F. Smith 500.    Here Clark never said or did anything.    Many
cases furnish illustrations of the rule.    One will suffice : Weaver *v.*
Weaver, 4 P. F. Smith 153.    All proclaim the sound doctrine that
the statute is not to be frittered away by mere presumptions.    The
statute has no favor with a jury, which seldom rises to the compre-
hension of the philosophy, that partial evil is often universal good.
Judgment reversed, and a *venire facias de novo* awarded.

SHARSWOOD, MERCUR and PAXSON, JJ., dissent; PAXSON, J.,
filing a dissenting opinion.