[Macungie Savings Bank *v.* Hottenstein.]

the note in suit, drawn by Andrews and endorsed by Bly, a balance due by the company had been included. Judge TRUNKEY, then the president of the Common Pleas of Venango, said in entering the judgment: " On all the loans and discounts Andrews was an accommodation endorser, borrowed no money, paid no interest and has no right of action on account of illegal interest paid by the company." The judgment was affirmed upon Judge TRUNKEY'S opinion. Miller *v.* Irwin, 4 Norris 376, was sent back for a trial because the defendant's affidavits alleged that she had given the note sued upon in renewal of a note drawn by her deceased father, of whose estate she was executrix; that she had not assumed or intended to assume any personal liability; and that she was induced to sign the note by the distinct and positive assurance of the officers of the United Savings Bank, that she would be bound only as executrix. That case rested on its own facts. Nothing contained in it had relevancy to any principle decided in Bly *v.* The Bank of Titusville, and nothing in it has relevancy to any principle requiring determination here.

Judgment reversed, and *venire facias de novo* awarded.

## Lazarus, Adm'r, *versus* Fuller, Ex'r.

1. The rule that an endorsement on a note of a payment of interest, proven to have been made within six years from the date of the note and time of suit brought, will prevent the operation of the Statute of Limitations, does not apply to a joint and several note.

2. Clark *v.* Burn, 4 Norris 502, followed.

March 5th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, WOODWARD, TRUNKEY and STERRETT, JJ. PAXSON, J., absent.

Assumpsit by William Lazarus, administrator of George Schuyler, deceased, against Orange M. Fuller, executor of J. W. Fuller, deceased, on the following promissory note:

" $500.                              Catasauqua, April 8th 1870.

One year after date we, or either of us, promise to pay to George Schuyler, or order, five hundred dollars, with interest, without defalcation, for value received.        DAVID A. TOMBLER.

{ 25 ct. Internal }                    J. W. FULLER."
{ Revenue Stamp. }

On the back of said note are the following endorsements:

" April 1st 1871, paid interest one year, $30.
  April 3d 1872, paid interest one year, $30.
  April 1st 1873, paid interest one year, $30.
  April 1st 1874, paid interest one year, $30.
  April 1st 1875, paid interest one year, $30.
Interest paid on the within note to April 1st 1876.
Interest paid on the within note to April 1st 1877."

[Lazarus *v.* Fuller.]

At the trial, before Albright, P. J., the plaintiff proved the signature of J. W. Fuller, and then proposed to prove " that the endorsements of interest paid on the back of the note are in the handwriting of George Schuyler, deceased, and that they were made at the time they bear date, commencing from April 1st 1871, down to April 1st 1875, inclusive, the note being dated April 8th 1870, payable one year after date."

Objected to as incompetent and irrelevant, and because the offer does not propose to show that the payments were ·made by the defendant's testator in his lifetime, and because the note as to James W. Fuller, his legal representative, is barred by the Statute of Limitations.

Objection sustained.

The plaintiff then offered the note in evidence.

Objected to as incompetent and irrelevant, and because the debt is barred ·by the Statute of Limitations, and there is no evidence .offered to take the case out of the statute so far as the defendant is concerned.

Objection sustained.

The plaintiff's counsel then stated that the only evidence upon which the plaintiff relied to take the note out of the statute was the evidence already proposed as to the endorsements of payments of interest on the back of the note, and he therefore rested.

The defendant then moved for a nonsuit, which the court granted.

The rejection of his offers of testimony and the entry of the nonsuit were assigned for error by the plaintiff, who took this writ.

*John Rupp, James B. Deshler* and *A. B. Longaker*, for plaintiff in error.—All the assignments of error in this case raise but one question, and may be considered together. The note on which this suit is brought is the joint and several note of J. W. Fuller and David A. Tombler. On the face of the note there is nothing to show that the one was the surety of the other, nor is there any proof in the cause that such was the fact. · The presumption, then, is that both Fuller and Tombler were principal debtors and jointly owed the note: Bear *v.* Patterson, 3 W. & S. 233.

An endorsement on a note of a payment on account, in the handwriting of the holder, proven to have been made within six years from the date of the note·and time of suit brought, is evidence which will prevent the operation of the Statute of Limitations: Addams *v.* Seitzinger, 1 W. & S. 243; Cremer's Estate, 5 Id. 332; Burr *v.* Burr, 2 Casey 284.

A payment on·account of an existing debt is an unequivocal acknowledgment, and will take it out of the statute: Barclay's Appeal, 14 P. F. Smith 69. ·Endorsements of credits on a note made by a promisor before the statute has closed upon the right to main-

[Lazarus v. Fuller.]

tain suit, is an evidence of corresponding payments to remove the bar of the statute : Shaffer v. Shaffer, 5 Wright 51.

The above authorities show conclusively that if the note had been signed by Fuller alone, the testimony offered was sufficient to take it out of the statute. Where, then, is the difference when the note is signed by two jointly? The presumption is that both were princi-pal debtors and both jointly owed the note.

Coleman v. Fobes, 10 Harris 156, is not in conflict with the position we assume in this case. The case of Clark v. Burn et al., 4 Norris 502, was affirmed by a divided court, and we respectfully ask the court to reconsider the decision rendered in that case.

*Edward Harvey* and *McClure & Hamersly*, for defendant in error.—We rely upon Clark v. Burn et al., *supra*.

The judgment of the Supreme Court was entered, March 24th 1879,

PER CURIAM.—We affirm the judgment upon the authority of Clark v. Burn et al., 4 Norris 502.

Judgment affirmed.


# Grim's Appeal.

Testator devised to one of his sons the whole of his real estate, charged with the payment of $5500, to be equally divided among his other five chil-dren. It was found as a fact that the real estate was of the value of $6600. *Held*, that the testator intended an equal distribution of his estate among his children. *Held further*, that the devisee being the first taker under the will was presumably the favorite of the testator. *Held further*, that the personal property of the testator's estate being insufficient to pay his debts the devise and legacies should abate *pro rata*.

March 6th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, WOODWARD, TRUNKEY and STERRETT, JJ. PAXSON, J. absent.

Appeal from the Orphans' Court of *Lehigh county :* Of January Term 1879, No. 224.

Appeal of Martin Grim from the decree of the court confirming the report of the auditor appointed to audit and resettle the accounts of Abraham Grim, deceased.

Abraham Grim died March 22d 1874, leaving a widow and six children, and a tract of about one hundred and thirty acres of land. By his will he provided as follows :

" To my son, James, now residing on my farm, I give and be-queath the whole of my farms and lands, with the following restric-tions : he is to pay for said farm $6000, $1000 to remain as a dower, and the interest to be paid annually to my widow. The rest to be equally divided among the rest of my children, and