### SCHOFIELD v. TWINING. (No. 2.)

(Circuit Court, E. D. Pennsylvania. January 29, 1904.)

#### No. 83.

**1. BILLS AND NOTES—LIMITATIONS—PAYMENTS—AUTHORITY.**

Defendant made a note payable to his wife, which she indorsed, and defendant's son, who was a director in the bank of which plaintiff was receiver, procured it to discount the note, the money being paid to defendant. Thereafter payments of interest within the period of limitations were made by the son directing the cashier of the bank to apply the dividends due to defendant's wife on certain shares of the bank's stock standing in her name; but there was no evidence tending to connect defendant with such payments, except the declaration of the bank's cashier, as a witness, that the son was acting as his father's agent throughout the transaction. *Held*, that the evidence was insufficient to show that the payments of interest were made with defendant's authority and consent, and were therefore insufficient to stop the running of limitations as against him.

At Law. Motion by defendant for judgment upon reserved point notwithstanding the verdict.

Charles Biddle, for plaintiff.

Wm. Y. C. Anderson and Wm. Jay Turner, for defendant.

J. B. McPHERSON, District Judge. The plaintiff sued, as receiver of the First National Bank of Asbury Park, to recover upon a promissory note given by the defendant to the bank more than six years before the action was brought. The statute of limitations was

SCHOFIELD V. TWINING. 489

set up as a defense, to which the plaintiff offered evidence in reply that payments of interest were made upon the note at several times within the statutory period; the last payment having been made in January, 1900. If these payments were made by the defendant, therefore, or on his behalf, with his knowledge and consent, they are a sufficient reply to the plea of the statute, and the plaintiff is entitled to recover. At the trial the question was submitted to the jury whether these payments were made by the defendant's agent, for it was conceded that the defendant himself had not made them; but the point was reserved whether there was any evidence to go to the jury in support of the plaintiff's case, and it is this question that is now to be determined.

The note, which was signed by the defendant, was made payable to his wife, and was indorsed by her. It was brought to the bank by A. C. Twining, the defendant's son, who received the money, and sent it by check to the defendant. So far as the evidence discloses, that was the end of the defendant's connection with the transaction, for the payments of interest that were afterwards made upon the note were not made by his check, or by money taken from his pocket, but were the semiannual dividends declared by the bank upon shares of stock in the name of the defendant's wife, who was the indorser of the note, and were indorsed upon the instrument by the order, not of the defendant, but of A. C. Twining, who was an influential director of the bank, and directed the cashier to make this application of the dividends. There is nothing to connect the defendant with these payments, except the declaration of the cashier, on the witness stand, that A. C. Twining was acting as his father's agent throughout the transaction; but this declaration may be safely dismissed, I think, as a mere expression of opinion, for the witness did not testify to a single fact which would justify so sweeping a statement. It seems clear to me that, while the agency of A. C. Twining to procure the discount of the note plainly appears, it is going much too far to infer from that fact that he continued to be his father's agent for the purpose of making payments of interest upon the note, and especially when the effect of such payments would be to take away from the defendant the protection of the statute of limitations. Watts v. Devor, 1 Grant, Cas. 267, is a very similar case, where the ruling of the trial court that an agent who had originally contracted a debt had power to make a binding promise to pay it, so as to bar the statute, was held to be erroneous. The Supreme Court say:

"On a debt contracted by an agent, the statute of limitations begins to run in favor of the principal from the time when it is payable by the terms of the contract, and a subsequent acknowledgment and promise to pay it made by the same agent, or any other, cannot be received in evidence to prevent it from being barred; the promise not being made in pursuance of special authority, nor forming a necessary part of the agent's proper business, nor founded on any new consideration."

It is argued that, since the shares of stock were in the name of the defendant's wife, the presumption is that they were bought with his money and belonged to him; but, even if this presumption is to be applied, it still does not meet the point of the case, which is whether

the dividends from this stock, assuming them to belong to the defendant, were applied upon the note by his direction or consent. As it seems to me, the case is barren of evidence to connect the defendant with the application of these dividends, and the court would have been justified in directing a verdict in his favor. Prima facie, if A. C. Twining was anybody's agent, he was the agent of his mother, whose money—for, at all events, she had the legal title to the dividends—he was applying to the payment of interest for which she was morally, if not legally, liable. He may, indeed, have been acting without authority from either; but, however that may be, he could not bind his father by acts done without the latter's knowledge or authority. Whiting v. Lake, 91 Pa. 349; Telephone Co. v. Thompson, 112 Pa. 132, 3 Atl. 439. And, even if he was the agent of his mother, payments by her could not affect the running of the statute in favor of the defendant. Bush v. Stowell, 71 Pa. 208, 10 Am. Rep. 694; Clark v. Brown, 86 Pa. 502; Lazarus v. Fuller, 89 Pa. 331.

It is perhaps not without weight, also, that A. C. Twining was available as a witness, but was not examined on behalf of the plaintiff, either by deposition or orally on the trial. The defendant's age was a sufficient explanation of his absence.

It is therefore directed that judgment be entered for the defendant upon the reserved point, notwithstanding the verdict.