## Homewood Peoples Bank, Appellant, *v.* McCutcheon.

*Promissory notes—Accommodation note—Statute of limitations —Payments after statute has run—Accommodated party—Agency.*
Where a promissory note is made for the accommodation of another person, and such person, after the statute has run against the note, makes payments thereon, but not as the agent of the maker, and without the latter having done anything to acknowledge his continued liability, such payments are insufficient to toll the statute.

Argued October 17, 1919.  Appeal, No. 94, Oct. T., 1919, by plaintiff, from judgment of C. P. Allegheny Co., July T., 1914, No. 1500, on verdict for defendant in case of Homewood Peoples Bank v. W. A. McCutcheon.  Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ.  Affirmed.

Assumpsit on a promissory note.  Before SHAFER, P. J.
The note in question was made by W. A. McCutcheon to the order of himself, and endorsed over to the plaintiff bank.  The note was really made for the accommodation

of Joseph R. Paull, whose name, however did not appear on it, in any way. Further facts appear by the opinion of the Supreme Court.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in refusing plaintiff's motion for judgment n. o. v.

*James M. Clark,* for appellant.

*Arthur O. Fording,* for appellee.

PER CURIAM, January 5, 1920:

The note upon which this action was brought, dated June 12, 1903, was made by the appellee for the accommodation of Joseph R. Paull, who at the time was president of the plaintiff bank. After the statute had run against the obligation, Paull made payments on it, but not as agent of the appellee, and the latter did nothing acknowledging his continued liability. As to him the payments made by Paull were insufficient to toll the statute: Coleman v. Fobes, 22 Pa. 156; Clark v. Burn et al., 86 Pa. 502; Wesner v. Stein and Greenawalt, 97 Pa. 322.

Judgment affirmed.