# White v. Pittsburgh Vein Coal Co., Appellant.

*Statute of limitations—Joint debtors—Payments—Payment not authorized by debtor—Identification of payment—Principal and surety.*

1. A payment to toll the statute of limitations must be made or authorized by the debtor.

2. A payment by one of two joint debtors does not toll the statute as to the other.

3. Payment by a principal will not toll the statute as to a surety.

4. A payment to toll the statute must be an acknowledgment of the debt from which the law will imply a promise to pay; and to constitute such acknowledgment the debt must be identified, and its amount fixed expressly, or by reference to something from which it can be ascertained.

5. Where there is no mention of the amount due, and no bills ever rendered, it proves nothing to show payments made on account while the statute was running.

6. To take a debt out of the bar of the statute of limitations, the identification of it must be made by the debtor at the time of the promise or payment or act relied on. An identification by a mere inference of the jury from other collateral matters is not sufficient.

*Principal and agent—Authority of agent—Acting for another principal.*

7. A principal is not bound by the act of an agent done for and on behalf of another principal.

Argued October 20, 1919. Appeal, No. 116, Oct. T., 1919, by defendant, from judgment of C. P. Allegheny Co., First Term, 1908, No. 317, on verdict for plaintiff in case of James D. White v. Pittsburgh Vein Coal Co.

Before Brown, C. J., Moschzisker, Frazer, Walling and Kephart, JJ.  Reversed.

Assumpsit for services in surveying coal lands.  Before Carpenter, J.

Verdict and judgment for plaintiff for $5,530.72.  Defendant appealed.

*Error assigned,* amongst others, was in refusing defendant's motion for judgment n. o. v.

*William M. Hall,* for appellant.—The law which applies to the liability of the appellant in this situation is set out in Martin v. Interstate Lumber Co., 260 Pa. 218; see also Bangor, etc., Ry. v. Am. Bangor Slate Co., 203 Pa. 6; DeForest v. Northwest Townsite Co., 241 Pa. 78; Culver v. Reno Real Est. Co., 91 Pa. 367.

If it is proposed to prove that this payment was made by the Seam as agent of the Vein, it is necessary to show an agency clearly and specifically created for this purpose: Watts v. Devor, 1 Grant 267; Snyder Township v. Bovaird, 122 Pa. 442; Beal v. Adams Express Co., 13 Pa. Superior Ct. 143; Furst v. Building & Loan Association, 128 Pa. 183; Wesner v. Stein, 97 Pa. 322.

The following cases are to the effect that occurrences which would defeat the operation of the statute of limitations must be clearly proven: Chapman's App., 122 Pa. 331; Marshall v. Brick, 16 Pa. 530; Kelley v. Hacket, 12 D. R. 84; Wesner v. Stein, 97 Pa. 322.

*Arthur O. Fording,* for appellee.

Opinion by Mr. Justice Walling, January 5, 1920:

This is an action of assumpsit for services and expenses in the surveying, etc., of coal lands.  In January, 1901, plaintiff, a civil engineer at Pittsburgh, entered into a written contract with the defendant coal company, through J. V. Sloan, its secretary and treasurer,

for the surveying and plotting of ten thousand acres of coal lands surrounding Roney's Point in Ohio County, West Virginia, at the price of twenty-five cents an acre. The contract called for a completion of the work by March 15, 1901. The consideration of $2,500 was to be and was paid by defendant from time to time as the work progressed, the last payment being made June 4, 1901. Of the land so surveyed defendant purchased 8,333 acres. Sloan was the promoter and organizer of the defendant company and, in May, 1901, through his efforts, another company, named the Pittsburgh Seam Coal Company, was chartered and of it Sloan also became secretary and treasurer. Some of the stock in both companies was held by the same parties and some was not. Among others the president of the Seam company was not a stockholder in the Vein company. However, it was the intention of both companies to operate in West Virginia, and Sloan, who was the most active member in each company, made an oral agreement with plaintiff, subsequent to the written contract, to extend his surveys on the same terms so as to embrace in all about 25,000 acres. Plaintiff contends that defendant was to pay for the additional surveying, but the agreement as to that does not appear to have been very definite. At that time Sloan intended to, but never did, organize a third company, and the evidence tends to show that he told plaintiff, in effect, to go on with the work without reference to the prospective purchasers and that he (plaintiff) would receive checks from the different companies, who would arrange among themselves as to the ownership of the various tracts. As the work progressed beyond the first 10,000 acres, the Seam company, through Sloan, made sundry payments to plaintiff, the first of which was on June 11, 1901. The work was finished late in the summer of that year, but defendant neither paid nor promised to pay plaintiff anything after the payment of June 4, 1901. Of the lands so surveyed the Seam company purchased 10,450 acres, but the hold-

ings of the two companies, as well as their corporate existence, were entirely separate and it does not appear that the Seam company ever acted in any matter as agent for the Vein company, and there was no partnership or joint interest between them. On February 3, 1902, the Seam company made its last payment, being for $369.40, to one McBride on plaintiff's order, to which we will hereafter refer. In all, that company paid plaintiff $3,295.39, making the amount received by him from both companies $5,795.39. This suit brought November 9, 1907, was for a balance of $2,711.28, claimed by plaintiff, and embraced several items hereinafter referred to. It does not satisfactorily appear that defendant received any benefit from the additional surveying, and plaintiff never rendered any bill or statement of the account to either company, or to Sloan, until after this suit was brought. The defendant set up, inter alia, lack of authority in its secretary and treasurer to make the oral contract for the additional surveying, and also the statute of limitations. The trial judge instructed the jury, in substance, that the payment of $369.40, within six years of the bringing of the suit, tolled the statute and submitted to them the question of the agent's authority to make the oral contract. The verdict was for plaintiff, and from judgment entered thereon defendant brought this appeal.

The request of defendant for binding instructions should have been granted. Admittedly the work was completed more than six years before this suit was brought, and the payment relied upon was not made by defendant or its agent or on its behalf, nor was it ever acknowledged or ratified by defendant. While Sloan was agent for each company, in that transaction he was acting for the Seam company and paid McBride with a check drawn in its name and on its bank account. Defendant's name is not mentioned either in the order, check or receipt. Plaintiff was not misled, for checks paid him after June 4, 1901, were in the name of the

Seam company.  A payment, to toll the statute of limitations, must be made or authorized by the debtor: Wesner v. Stein & Greenwalt, 97 Pa. 322; Furst v. Building & Loan Assn., 128 Pa. 183; Watts et al. v. Devor, 1 Grant 267.  The companies were not partners and even if joint debtors a payment by one would not toll the statute as to the other: Clark v. Burn, 86 Pa. 502; Lazarus v. Fuller, 89 Pa. 331.  The Seam company was the party benefited by the additional surveying, and, treating it as the principal and the Vein company as surety, still a payment by the former would not remove the bar of the statute as to the latter: Homewood Peoples Bank v. Hastings, 263 Pa. 260; Homewood Peoples Bank v. McCutcheon, 266 Pa. 116, filed herewith.  And the defendant was not bound by the act of Sloan, done as agent for the other company, as a principal is not bound by the act of an agent done for and on behalf of another principal.

There is an additional reason—a payment to toll the statute must be an acknowledgment of the debt from which the law will imply a promise to pay; and to constitute such acknowledgment the debt must be identified and its amount fixed expressly or by reference to something from which it can be ascertained.  Here there was no bill or copy of the account rendered or statement of the amount claimed and the order given McBride, viz: "I, J. D. White, hereby assign to Wilbur McBride the money to the extent of $369.40, being part of a fund due me by, and in the hands of J. V. Sloan of Pittsburgh, Pa.; and I hereby authorize J. V. Sloan to pay the same to Wilbur McBride, his agent or attorney.  Jas. D. White," does not refer to either company or in any manner identify the debt or fix its amount.  So, had defendant authorized paymen' of the order, it would not be an acknowledgment of the claim here in suit, embracing a dozen items, eleven of which are outside of the twenty-five cents an acre, and include $1,237.92 for gathering descriptions of farm lines, $711.95 for extra crop survey

and expenses and $230 for wages and expenses of men in field, awaiting orders; also items for making maps, etc., of lands outside of the survey in question. The payment of McBride's order could not constitute an acknowledgment of such a claim. In Haines's Est., 10 Pa. Dist. Rep. 677, it is held by that eminent jurist, the late Judge PENROSE, that, where there was no mention of the amount due and no bills ever rendered, it proves nothing to show payments made on account while the statute was running. And in Huff v. Richardson, 19 Pa. 388, it is held that, where plaintiff's claim rests on accounts, the acknowledgment to avoid the statute must be of a fixed sum or the balance should admit of ready and certain ascertainment. "To take a debt out of the bar of the statute of limitations the identification of it must be made by the debtor at the time of the promise, or payment or act relied on. An identification by mere inference of the jury from other collateral matters is not sufficient": Rosencrance v. Johnson, 191 Pa. 520, 533. "To remove the bar of the statute of limitations, there must be a clear and definite acknowledgment of the debt and a specification of the amount due or a reference to something by which such amount can be definitely and certainly ascertained": Patterson v. Neuer, 165 Pa. 66, 73; see also Simrell v. Miller, 169 Pa. 326; Ward v. Jack, Exr., 172 Pa. 417; Miller v. Baschore, 83 Pa. 356; Suter v. Sheeler, 22 Pa. 308. The part payment upon which plaintiff relies must be plainly referable to the debt in suit: Burr v. Burr, 26 Pa. 284; Barclay's App., 64 Pa. 69; Landis v. Roth, 109 Pa. 621; Chapman's App., 122 Pa. 331; Barnes v. Pickett Hardware Co., 203 Pa. 570; Shaffer v. Shaffer, 41 Pa. 51; Wolfensberger v. Young, 47 Pa. 516; Marshall v. Brick, 16 Pa. Superior Ct. 530. There was nothing in the order given McBride, or in the payment thereof that in any manner connected it with the various items for which this suit was brought or any of them. It is not necessary to consider the other features of the case.

The judgment is reversed and is here entered n. o. v. for the defendant.