## Smith's Estate.

*Decedents' estates—Claims against—Identification of claims—Note—Statute of Limitation—Evidence.*

In a claim against the estate of a decedent, based upon a promissory note in the sum of $125 and dated February 28, 1889, the defense was that the claim was barred by the Statute of Limitations. Upon the note were two endorsements "5/16/17 on acct. $15—4/3/23 on acct. $15." There was evidence that on the date of the last endorsement the holder of the note said to the decedent: "You have owed me $125 on a note for many years, and I think it is time it was paid." Whereupon decedent acknowledged the debt and paid $15 on account thereof. Upon this occasion no reference was made to any other debt.

Under such circumstances there was sufficient identification of the debt at the time the last payment was made to toll the statute and the claim was properly allowed.

Argued November 8, 1926. Appeal No. 226, October T., 1926, by William S. Smith from decree of O. C. Lancaster County, June T., 1925, No. 68, in the case of the Estate of Robert C. Smith, deceased. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Exceptions to adjudication. Before SMITH, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the exceptions. William S. Smith appealed.

*Error assigned* was the order of the court.

*G. T. Hambright* for appellant.

*F. Lyman Windolph,* and with him *H. Clay Burkholder,* for appellee.

OPINION BY TREXLER, J., March 3, 1927:

At the audit held in the estate of Robert C. Smith, deceased, Joseph Smith, his brother, presented a claim founded upon a promissory note of $125, dated February 28, 1889, payable six months after date to the order of said Joseph Smith. Upon the note are two endorsements, "5/26/17 on acct. $15; 4/3/23 on acct. $15." The question is whether there is sufficient identification of the debt at the time the last payment was made to toll the statute.

E. M. Gilbert, Esq., testified that on the 3rd of April, 1923, the date of the last endorsement, both brothers were in his office. Joseph, the holder of the note, said to Robert, "You have owed me $125 on a note for many years, and I think it is time it was paid." Robert answered, "I know I owe you, it should have been paid long ago." Joseph then said, "You

had better give me something on account of it." Robert paid him $15 on account of the note. "I wrote a receipt and Joseph Smith signed it and handed it to Robert." The note was not produced on that occasion. There was no reference made to any other debt.

This we think was sufficient identification. The amount of the note was mentioned and thus a particular debt of a certain character was definitely referred to. The statement of the amount, it is claimed, loses its force by reason of the fact that $15 had been paid on the note in 1917 and thus the amount was reduced. It may, however, be noted that at the time the first $15 was paid, the accrued interest amounted to more than the payment and the principal of the note was still $125. Certainly it could not be expected that the holder of the note would give the exact amount of the principal and interest up to date when the demand was made. The principal of the note was expressly referred to and the demand pointed clearly to the note in question and a promise to pay having been given together with the payment on account, the bar of the statute was tolled.

The case of Burr v. Burr, 26 Pa. 284, upon which the appellant places his reliance, differs from the present case in this respect. There, there was a demand of interest "on that note you owe me" and no amount was mentioned. Here, the definite reference to the amount puts an entirely different phase on the matter. We repeat in the present case there was a promise to pay and an identification of the debt by an express fixing of the amount. This is all that is required. White v. Pittsburgh Vein Coal Co., 266 Pa. 145 and cases there cited.

The decree of the Orphans' Court is affirmed, the appellant to pay the costs.