### LANCASTER COUNTY.

.JANUARY TERM, 1882, No. 26.          MAY 17TH, 1882.

## Bott *versus* Stoner.

1. In a suit against A. and B., as individuals, upon a promissory note made by them individually, commenced more than six years after the maturity of the note, but on which note there were recent payments of interest by A., an answer of B., in an equity suit with a third party, admitting that at the time the note was made, A. and B. were partners and sometimes gave obligations signed by them both as individuals, is inadmissible.

2. Evidence of an acknowledgment of a debt barred by the statute of limitations, made within six years to an agent of the plaintiff, unaccompanied by evidence to show that the agent communicated to the defendant the fact that he was authorized to speak upon the subject with him, is inadmissible.

Before SHARSWOOD, C. J.; MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

Error to the Court of Common Pleas of *Lancaster County.*

*Assumpsit,* by Margaret Bott against Jacob Staman and J. C. Stoner. The defendant Stoner pleaded *non-assumpsit,* and *non-assumpsit infra sex annos,* upon which pleas the case was put at issue.

The suit was brought upon a note in the following form:

"$1000.          MANOR, April 1, 1868.

"One year after date we, or either of us, promise to pay Margaret Bott, or order, one thousand dollars, with interest at five ½ per cent., without defalcation, for value received.

{ 50 Ct.
U. S.
Rev'ue
Stamp. }

"JACOB STAMAN,
"J. C. STONER."

The following were the indorsements on it:

" Received April 1st, 1869, fifty-five dollars, interest in full on within note to above date.

"$55.

" J. S. M.
For M. B.

" Received April 2d, 1870, the interest in full to date.

" Received May 13th, 1871, the interest in full to April 1st, 1871.

" Received May 18th, 1872, the interest in full to April 1st, 1872.

" Received April 2d, 1873, the interest to April 1st, 1873, fifty-five dollars.

"$55.

" April ——, 1874, Received interest in full for this year.

" Received April 1st, 1875, of Jacob Staman, the interest on the within note to April 1st, 1875.

" Levi Harnish.

" Received May 13th, 1876, of Jacob Staman, the interest on the within note to April 1st, 1876.          .

" Abraham Harnish.

" May 19th, 1877, received interest in full on within note to April 1st, 1877.

" April 1st, 1878, received interest in full.

" Received May 29th, 1879, the interest for one year, fifty-five dollars.  Interest by me.

Her
" Margaret × Bott.
Mark.
" Witness present,
" Barnherd Mann, Far.   $55.     I confess it,

Her
" Margaret × Bott. .
Mark.

" Received April 1st, 1880, fifty-five dollars in full for interest to date of within note.

"$55."

Upon the trial in the Court below, before Livingston, J., the plaintiff called the defendant Stoner, who testified, *inter alia :*

(Being shown note.) " That is my signature.  I drew up the note.  It is my writing.  I wrote the first indorsement of interest on the note dated April 1st, 1869.  None of the rest. . . . . I do not know who made them.  I don't know who paid the interest.  I did not.  I didn' tell Staman to pay the interest. . . . . I was a partner in business when this note

was given. This note was not a partnership note. I was only a security for Mr. Staman on the note. . . . . I was but a surety on the note. I don't know how the money was obtained. . . . I didn't get any of the money."

Plaintiff then offered in evidence defendant's answer in the equity suit of Miller, assignee of Staman *v.* Jacob C. Stoner *et al.*, sworn to January 25th, 1881, and filed, for the purpose of showing that defendant, Stoner, and Staman were partners up to 1876, and that defendant, Stoner, and he signed notes, as this one is signed, as partners. The answer offered contained these paragraphs:

" All of said firms (Stoner & Staman, Peart, Stoner & Staman, Peart, Scofield & Co., and Peart & Scofield) had liabilities, and Stoner & Staman borrowed money for their partnership business and gave obligations therefor, signed sometimes Stoner & Staman, and sometimes Jacob Staman and Jacob C. Stoner, each signing his own name."

" When the firm of Peart, Stoner & Staman was dissolved, the interest of said parties still continued in the firm of Peart, Scofield & Co., until its dissolution in February, 1876, when Stoner and Staman sold their interests to Peart."

Objected to by counsel for defendant. The offer was disallowed, and plaintiff excepted.

*John S. Mann,* for the plaintiff, testified *inter alia:*

" In 1868 I went to Mr. Stoner. He asked me whether I knew of any money. I told him I did; that Mrs. Bott had $1000 she offered to me. . . . . He then told me to go and engage it for the firm—the money. He said they needed a heap of money. She then told me to tell him they could have it—the firm could have it. I told Stoner so. . . . . He referred to the firm of Staman & Stoner."

*Jacob Staman,* for the plaintiff, testified *inter alia:*

" I paid the last and next to the last interest myself. . . . . If I didn't pay it, Mr. Stoner did. . . . . I do not know how this money was borrowed from Mrs. Bott, whether for the firm or not. It is too long ago."

The plaintiff then offered to prove by the witness:

" That in the spring of 1877, or at a time within six years next preceding the bringing of this suit, Mr. Harnish called on him, representing that he was authorized by plaintiff to see the parties to the note, for the purpose of collecting the unpaid interest for that year, and furthermore demanding payment of the note, or some other satisfactory arrangement. Witness paid him the interest, and said that the note was all right. Witness then told Mr. Harnish that he would see Stoner, as Harnish had requested, and tell him what plaintiff required, to which Harnish acquiesced, requesting

witness to report the result of the interview to Mrs. Bott. Witness did see Stoner, and he acknowledged that plaintiff's claim on note was right, and would pay it, unless plaintiff would agree to take a new note for it. Witness after that saw plaintiff and told her what Stoner had said, and she was satisfied.

· " This to be followed by the testimony of Mr. Harnish, to the effect ·that he had been authorized by plaintiff, in the spring of 1877, he having the note in suit with him, to see the parties to the note, she being physically disabled from attending to her out-door business ; that he saw Staman, who lived nearest, and what occurred and took place appears in the offer of Staman's testimony ; that he did not see Stoner, because Staman agreed to do so for him, Staman paying witness the interest for that year ; that plaintiff had authorized witness to request Staman to see Stoner touching the payment of the note in suit ; that witness did request Staman to see Stoner about the matter, with the understanding that Staman should report the result of the interview with Stoner to Mrs. Bott."

The offer was objected to, and was disallowed. Counsel for plaintiff excepted.

*J. C. Stoner*, recalled :

" Q. Did the firm give notes to different persons in the form in which this note was given, signed Jacob Staman, J. C. Stoner ? Did they raise money in that way ?"

Objected to, and disallowed. The plaintiff excepted.

The witness continued :

" I never paid any interest on that note. I wrote on the first receipt. . . . . I made no entry of interest on the note, except the first payment of interest. I never engaged the money for the firm or for Mr. Staman."

The plaintiff then offered the note in evidence. It was not admitted, and plaintiff excepted.

The Court then entered a judgment of non-suit.

Plaintiff took a rule to show cause why the judgment of non-suit should not be stricken off, which the Court, April 3d, 1882, discharged.

The plaintiff then took out a writ of error, assigning as errors the rejection of the offers of evidence, the entering of the judgment of non-suit, and the refusal to take it off.

*William R.. Wilson*, for plaintiff in error.

What a party has stated in his answer in chancery is admissible: Greenleaf on Evidence, sec. 97, p. 136.

A partnership is liable though only the names of the individuals are used: Bank *v*. Monteath, 1 Denio, 402 ; Tams

[Bott *v.* Stoner.]

*v.* Hitner, 9 Barr, 441 ; Houghery *v.* Strickler, 2 W. & S., 411.

The real question was, whether the money was borrowed by the firm or by individuals. This was a question of fact for the jury, and the manner of the defendants in carrying on their business was material. The offer of the testimony of Staman, as to the acknowledgment of Stoner, should have been admitted : Wesner *v.* Stein, 1 Outerbridge, 322 ; Johns *v.* Lantz, 13 P. F. Smith, 324 ; Senseman *v.* Hershman, 1 Norris, 83 ; Frey *v.* Holben, 11 W. N. C., 349.

*H. M. North,* for defendant in error.

The note was apparently barred, and the plaintiff had the burthen of removing the bar. Proof of the payment of interest by Staman did not prove a promise by Stoner, or create any liability against him: Zent *v.* Heart, 8 Barr, 337 ; Coleman *v.* Fobes, 10 Harris, 156 ; Bush *v.* Stowell, 21 Smith, 208 ; Clark *v.* Burn, 5 Norris, 502; Lazarus *v.* Fuller, 8 Norris, 331 ; Wesner *v.* Stein, 10 W. N. C., 479 ; Angell on Limitations, sec. 260, and note ; 2 Parsons on Notes and Bills, 658, note ; Byles on Bills, page 282, and notes.

He offered to show that the firm issued notes in this form, but not that they issued this particular note.

The *narr* did not allege a partnership. The *probata* and *allegata* did not agree : Lee *v.* Conard, 1 Wh., 168.

Any offer of proof which was to have the effect of a new promise, would be limited to such as were made to the plaintiff or her agent : Gillingham *v.* Gillingham, 5 Harris, 302 ; Emerson *v.* Miller, 3 Casey, 278 ; Morgan *v.* Walton, 4 Barr, 321; Christy *v.* Flemington, 10 Barr, 129; Kyle *v.* Wells, 5 Harris, 286.

To bind a man by statements made to an agent he must have some information that the person spoken to is acting for the principal, and has authority to communicate the statements.

MAY 29TH, 1882.—PER CURIAM: This suit was not against the defendants as partners, and the offer, the rejection of which is complained of in the first assignment, was rightly rejected. There was nothing in the evidence offered to show that Staman communicated to Stoner the fact that he was authorized by the plaintiff to speak with him on the subject, and the evidence offered was therefore rightly rejected.

Judgment affirmed.