# Bahny, Appellant, *v.* Levy.

*Statute of limitations—Acknowledgment of debt.*

In order to take a debt out of the bar of the statute of limitations by an acknowledgment or promise to pay, the acknowledgment or promise to pay must be made to the creditor or his known agent. Declarations made to a stranger are insufficient.

Argued April 9, 1912. Appeal No. 137, Jan. T., 1911, by plaintiff, from judgment of C. P. Luzerne Co., Dec. T., 1903, No. 58, on verdict for defendant in case of Hortense L. Bahny v. Eva J. Levy, Executrix of Leon Levy, Deceased. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit for money had and received. Before LYNCH, P. J.

The opinion of the Supreme Court states the case.

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were in giving binding instructions for the defendant and in various rules respecting offers of evidence by plaintiff.

*John T. Lenahan,* with him *Edward A. Lynch,* for appellant.

*F. W. Wheaton,* with him *James L. Lenahan,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, May 6, 1912:

We can see no merit in this appeal. The action was brought, as the record shows, more than a year and a half after the death of the alleged debtor, and to enforce a claim, which, if it ever had any merit, had been an existing indebtedness for nearly eight years. The claim was made up of various items aggregating eighty thousand dollars. Levy died March 4, 1902, and the action was brought in October, 1903. The offers of evidence, the rejection of which is assigned for error, were refused because the claim offered to be proved differed from that laid in the statement, and was also barred by the statute of limitations. The reasons assigned by the learned trial judge clearly sustain his rulings in rejecting the evidence offered by the appellant. After commenting at length on the items of claim contained in the statement and amended statements filed by the plaintiff the learned judge said, inter alia: "It is perfectly apparent from the reading of this statement of items set out by the plaintiff, that every item here has long since been barred by the statute of limitations before this suit was brought. For this reason in addition to the other reasons given the objection is sustained and the offer is not admitted."

The attempt to toll the statute was not successful. There was no offer to prove an acknowledgment of the debt or a promise to pay it to the plaintiff, but to an alleged agent of the plaintiff. The offer was fatally defective in not proposing to show that Levy knew that Jacobosky was the agent of the plaintiff or that he told Levy that he was authorized to act in the matter for the plaintiff. There was no evidence in the case to show

the existence of such facts. The offer was, therefore, properly excluded. In Bott v. Stoner, 2 Penny. 154, 158, we said: "There was nothing in the evidence offered to show that Staman communicated to Stoner the fact that he was authorized by the plaintiff to speak with him on the subject, and the evidence offered was therefore rightly rejected." MERCUR, J., delivering the opinion in Wesner v. Stein, 97 Pa. 322, said: "The acknowledgment must be made to the creditor or his known agent, and by the debtor himself, or by some one authorized to act for him." A declaration made by the defendant to a stranger to the suit or cause of action is not sufficient to take the case out of the statute of limitations: Kyle v. Wells, 17 Pa. 286.

The correctness of the rulings of the learned trial judge is so apparent that further discussion is unnecessary. The court below committed no error in rejecting the offers of evidence and directing a verdict for the defendant.

The judgment is affirmed.