## Bloser v. Markel

*F. J. Templeton* and *Elizabeth L. McCullough,* for plaintiff.

*E. M. Biddle, Jr.,* for defendant.

REESE, P. J., March 7, 1936.—This action in assumpsit was instituted by the plaintiff, Clem Bloser, against the defendant, Louise Markel (now Louise Markel Parks), on August 15, 1935. In the plaintiff's statement of claim it is averred that on or about September 1, 1928, the plaintiff entered into an oral contract with the defendant and her husband, Dr. R. Montgomery Markel, who died thereafter on March 15, 1932. Under the contract

averred the plaintiff agreed to furnish labor for the remodeling of the home of the defendant and her husband, and they agreed to reimburse the plaintiff for such sums as he should spend for labor and to pay him for his own labor in performing the necessary work. It is further averred that upon the completion of the work a bill in the sum of $1,048.05 was presented to Dr. and Mrs. Markel, a copy of which is attached to the statement setting forth the names of the workmen and the amount of money earned by each. The statement further avers that two payments were made on account by Dr. Markel, one in the sum of $75 and the other in the sum of $50. It is further averred "That on or about the 15th day of April, 1932, the defendant, Louise Markel (now Louise Markel Parks), orally agreed to pay said bill to the plaintiff, Clem Bloser". The plaintiff therefore claims payment of the balance due, $923.05, with interest from April 15, 1932.

In the defendant's rule for a more specific statement it is contended that the statement should set forth when the work was completed. Of course, the plaintiff would have no cause of action until the completion of the work, and it would seem that the statement should set forth the date upon which the work was completed. It will be observed that there is a possibility that the work was completed more than six years prior to the institution of the action, in which event the statute of limitations would be a defense. Hence the defendant is entitled to know whether or not the statute of limitations is a bar to the plaintiff's claim, and to enable the defendant to determine that question intelligently the statement should aver when the work was completed. We realize that the plaintiff need not so aver his cause of action as to take the case out of the statute: Mason-Heflin Coal Co. v. Currie et al., 270 Pa. 221, 223. We are not requiring the plaintiff to allege any time of completion within the statutory period; rather we are requiring the plaintiff to aver the time of completion of the work so that the defendant

may intelligently answer the claim. "There is no sufficiently specific allegation of the facts in this statement . . . to determine whether or not any part of [the] claim is barred by the statute of limitations": Fisher v. Fisher, 29 York 152.

It is also contended by the defendant that the averment of the presentation of the bill for the work to Dr. and Mrs. Markel is not sufficiently specific. Inasmuch as it is alleged that the bill "was presented upon the completion of the work", an averment as to when the work was completed, which we have already discussed, will give the defendant all the information necessary to make her defense. Defendant further contends that the statement should set forth when the two payments on account were made by Dr. Markel. It is true that the plaintiff need not have pleaded these credits in order to make out a sufficient cause of action; but he has done so, and is seeking to recover the balance. The time when the payments were made would be very material if it should be contended that the payments tolled the statute of limitations. Hence the time of the payments should be averred, although we call the plaintiff's attention to the principle that payment by one of two joint debtors does not toll the statute of limitations: White v. Pittsburgh Vein Coal Co., 266 Pa. 145.

As to the averment of the statement that the defendant orally agreed on April 15, 1932, to pay the bill to the plaintiff, the defendant insists that it should be averred to whom the alleged promise was made. The averment of such a promise by the plaintiff was unnecessary, and appears to be an anticipation of the defense of the statute of limitations. Inasmuch as it is not a necessary element of the plaintiff's cause of action, it is unnecessary at this time that such an averment be made more specific in order that the defendant may make defense to the claim. However, if the defendant does plead the statute of limitations as a defense and in his reply the plaintiff attempts to toll the statute by pleading a subsequent promise or

acknowledgment of the debt by the defendant, it will be necessary to allege that the promise or acknowledgment of the defendant was made to the plaintiff or his known agent, for declarations made to a stranger are not sufficient: Bahny v. Levy, 236 Pa. 348.

For the reasons stated, therefore, we conclude that the statement of claim should aver when the work sued for was completed, and, if the plaintiff desires to plead credits and sue for the balance due, it should be averred when the payments were made.

And now, March 7, 1936, the rule for a more specific statement is made absolute, and it is directed that the plaintiff may file an amended statement of claim within 15 days from this date.

From Francis B. Sellers, Carlisle.