McPhilomy *v.* Lister, Exrx., Appellant.

Argued January 14, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Edward H. Bryant, Jr.,* with him *Lutz, Ervin, Reeser & Fronefield,* for appellant.

*Blair N. Reiley, Jr.,* with him *Harold D. Greenwell,* for appellee.

OPINION BY MR. JUSTICE PARKER, March 24, 1941:

This action in assumpsit was brought by plaintiff, a sister of John E. Lister, deceased, against the executrix of his estate. The statement of claim alleged that plaintiff made twenty-five different loans to her brother between 1919 and 1929 and that the aggregate due her when suit was brought was the principal sum of $7,940, with interest totalling $6,155.33. The defendant denied any knowledge of the existence of the indebtedness and, as new matter, pleaded the statute of limitations. On trial defendant offered no evidence but asked for binding instructions in her favor. The court refused to direct a verdict and submitted the issue to a jury which returned a verdict for $5,000 for plaintiff. After refusal of motions for a new trial and for judgment n. o. v., judgment was entered on the verdict and defendant has appealed.

A controlling question is presented to us as to whether there is sufficient evidence in the record to toll the running of the statute of limitations. As we are of the opinion that defendant is entitled to judgment, we will not discuss the assignments relating to errors in the admission of testimony and in the charge, several of which assignments raise serious questions.

We will refer to the evidence, viewing it in a light most favorable to the plaintiff, as we are required to

do, in consideration of a right to judgment n. o. v. We will assume, for the sake of argument only, that the plaintiff had advanced to deceased various sums of money claimed by her, the last of which was given him on February 4, 1929, and that defendant's decedent, in addition to other payments, paid plaintiff $2,000 on February 3, 1932. Since this action was commenced May 24, 1939, and the statute of limitations was pleaded, it was incumbent upon the plaintiff to prove facts sufficient to remove the bar of the statute. To support that burden plaintiff offered certain proofs.

F. W. Conway testified that he had a conversation with the deceased in the fall of 1937 in which deceased said that he owed plaintiff some money, but added: "But it isn't nearly as much as she thinks it is, but I'll see that she gets money from time to time. I also have a building and loan coming due soon, and I'll see that she gets some of that." He later testified that deceased said: "It isn't nearly as much as she thinks it is, because I've had losses with the money I borrowed from her, and she'll have to sustain her part of the losses." A cancelled check for $250, dated November 1, 1937, drawn by decedent to the order of plaintiff was introduced in evidence. There was nothing on the check connecting it with the debt sued upon and there was no evidence to indicate upon what it was to be applied. Plaintiff also offered two letters written to her by the decedent. In one of these, dated March 15, 1938, decedent stated: "I will no doubt be able to get you $100 in a week or 10 days." The pertinent part of the other letter, dated March 26, 1938, read: "There is enclosed a check for $100 which I trust will in a way help you out, it is the best I can do at present." Plaintiff also offered in evidence a cancelled check for $100 drawn by decedent to the order of plaintiff, dated March 26, 1938. There was nothing on this check, nor other evidence, to indicate the purpose for which it had been given. The immediate question is whether the forego-

ing evidence will support a finding by the jury that there had been an admission of, or part payment on account of the debt sued upon sufficient to toll the running of the statute of limitations.

Plaintiff does not contend that the conversation related by Conway can of itself operate as an acknowledgment of the debt from which a promise to pay the debt sued for could be implied sufficient to toll the statute. It is most apparent that it could not so operate as it was not made to the creditor or her agent *(Kyle v. Wells,* 17 Pa. 286; *Wesner v. Stein,* 97 Pa. 322, 326; *Bahny v. Levy,* 236 Pa. 348, 84 A. 835) ; it was not clear and unequivocal *(Miller v. Baschore,* 83 Pa. 356; *Weaver v. Weaver,* 54 Pa. 152) ; and it did not identify the debt with the one here sued upon *(Burr v. Burr,* 26 Pa. 284, 285; *White v. Pittsburgh Vein Coal Co.,* 266 Pa. 145, 109 A. 873; *Kaufmann's Estate,* 293 Pa. 73, 141 A. 852). As we understand plaintiff's theory, it is that the conversation related by Conway was sufficient to permit the jury to infer that the check of November 1, 1937, for $250, and the check of March 26, 1938, for $100, were given in payment of the existing indebtedness and operated as part payments, thus tolling the running of the statute.

While a part payment of a debt, if intended as such, will toll the statute *(Wesner v. Stein,* supra, p. 326), and we have said that there can be no more unequivocal acknowledgment of a present existing debt than a payment on account of it *(Barclay's Appeal,* 64 Pa. 69, 72), the law has consistently required that certain standards of proof be met or otherwise the prime purpose of the statute would be defeated and the protection afforded by it would become illusory. It must plainly appear, and not be a matter of conjecture merely, that the payment relied upon was made on account of the very debt which is in dispute. This principle was settled in *Burr v. Burr,* supra. In that case the plaintiff said to her son, "Israel, can thee let me have a little

interest money on that note which I hold of thine?" He said, "How much would thee like, mother?" and she said, "Four or five dollars." He gave her seven dollars. There was no evidence, at the trial, of any note between the parties other than the one sued upon. In reversing and entering judgment for the son, it was held that the evidence was too vague and uncertain to establish a partial payment of the note in question and that to hold otherwise would be to rely on mere conjecture. Again, in *White v. Pittsburgh Vein Coal Co.*, supra, we said (p. 149) : "A payment to toll the statute must be an acknowledgment of the debt from which the law will imply a promise to pay; and to constitute such acknowledgment the debt must be identified and its amount fixed expressly or by reference to something from which it can be ascertained."

In *Kaufmann's Estate*, supra, where the principles announced in the Burr case were followed, the claim was against the estate of a decedent brought more than six years after the cause of action arose, and in affirming the principles we said that it was to be taken into account that the claim was made after the death of the debtor. In *Rosencrance v. Johnson*, 191 Pa. 520, 533, 43 A. 360, we said: "To take a debt out of the bar of the statute of limitations the identification of it must be made by the debtor at the time of the promise, or payment or act relied on. An identification by mere inference of the jury from other collateral matters is not sufficient."

Neither the conversation related by Conway nor the letters written by decedent in connection with the $100 check afford any basis for anything more than a random conjecture that this check or the check for $250 represented payments on the debt here sued for. In fact, such evidence as was produced indicated no identification of the indebtedness or its amount and failed to furnish any basis from which that amount could be found. While a payment by check gives rise to a pre-

sumption that it was given for cash or for a past in-
debtedness, this presumption, together with evidence
that the decedent admitted that he owed plaintiff some
money, does not constitute the type of proof required
to remove the bar of the statute. The evidence falls
far short of the standard required, and binding instruc-
tions should have been given for the defendant.

Judgment reversed and here entered for the defendant.