## SAUTERS v. YOUNG.

### Civ. A. No. 10766.

United States District Court
W. D. Pennsylvania.

Jan. 5, 1954.

Frank R. Bolte, Pittsburgh, Pa., Victor M. Todia, and Christopher J. French, Cleveland, Ohio, for plaintiff.

Ella Graubart (of Patterson, Crawford, Arensberg & Dunn), Pittsburgh, Pa., for defendant.

MARSH, District Judge.

The plaintiff executor on August 19, 1952, filed a complaint to recover the balance of a debt, with interest and costs, which he alleges the defendant borrowed from his decedent in Ohio in various amounts and at times extending from May 4, 1925 to January 3, 1926. Jurisdiction is based on diversity of citizenship.

It is averred further that "on August 26, 1946, defendant paid him [the deceased] on account the sum of $100.00, leaving a balance due plaintiff's decedent in the sum of $11,750.00."

On August 27, 1952, the defendant filed a motion to dismiss the action under Rule 12(b) (6), Fed.Rules Civ.Proc., 28 U.S.C., because the complaint fails to state a claim against defendant upon which relief can be granted in that the right of action therein set forth did not accrue within six years before its commencement.

Attached to the motion to dismiss is an affidavit of the defendant in which he swore that he was never indebted to plaintiff's decedent in any amount, but, notwithstanding, the statute of limitations has run on the claim. He also stated that he received a letter from plaintiff's decedent dated August 14, 1946, in the handwriting of the decedent and signed by him, asking the defendant for financial help. In the letter the decedent states that he is asking someone else for money and adds: "Perhaps you could help part way. *Would consider it a loan and give a note.* [Emphasis supplied.]"

The affidavit goes on to allege that in reply to this letter the defendant sent a telegram to decedent on August 21, 1946, stating: "Can help with hundred September first will this get you by." In reply to the telegram the plaintiff's decedent wrote another letter. This letter stated:

"* * * the hundred will make it so I can pay off. * * *

* * * * * *

"I didn't like having to ask you for help again this year but on the other hand I'm glad I had you as a friend to turn to."

The affidavit further states that on August 26, 1946, the defendant mailed a check for $100 to the plaintiff's decedent.

At oral argument the originals of the two letters were exhibited and plaintiff's counsel, for the record, admitted the authenticity of both.

■■ The statute of limitations may be raised by a motion to dismiss. Berry v. Franklin Plate Glass Corp., D.C.W.D. Pa.1946, 66 F.Supp. 863, affirmed, 3 Cir., 1947, 161 F.2d 184, certiorari denied 332 U.S. 767, 68 S.Ct. 76, 92 L.Ed. 352; Kithcart v. Metropolitan Life Ins. Co., 8 Cir., 1945, 150 F.2d 997, certiorari denied 326 U.S. 777, 66 S.Ct. 267, 90 L.Ed. 470. Under Rule 12(b) (6), affidavits presenting matters outside the pleadings may be filed in support of the motion and, if not excluded by the court, the motion shall be treated as one for summary judgment.

■ At the hearing, the court was not requested to exclude the affidavit of the defendant nor did it do so on its own motion. Therefore, the motion made under Rule 12(b) (6) is to be treated as one for summary judgment under Rule

56. Cf. William J. Kelly Co. v. R.F.C., 1 Cir., 1949, 172 F.2d 865.

■ Obviously, if the facts set forth in the affidavit are true plaintiff has no case. If the $100 payment was made to decedent in response to his request for a loan, as his letters plainly indicate, then it could not have been a part payment on account of an old debt which might toll the statute of limitations. With his case undercut so completely it became plaintiff's duty under Rule 56 to show the court by way of counteraffidavits that there are genuine issues of fact to be tried, viz., that he has proof that defendant was indebted to decedent, and that he is able to meet the standards of proof necessary to toll the statute of limitations by part payment. See McPhilomy v. Lister, 1941, 341 Pa. 250, 19 A.2d 143, 142 A.L.R. 385.[1] As the matter stands, presumptively he has no such proofs.

■■ More than a year has elapsed since the motion was filed. Plaintiff has had a reasonable opportunity to present all material made pertinent by the motion. Although plaintiff is a fiduciary and presently in service with the Navy in California,[2] no affidavit has been presented requesting additional time, rule 56(f); his counsel at hearing made no such request; he simply expressed confidence that plaintiff could supply the necessary proof at the trial. But defendant is not required to undergo further delay and expense upon failure of plaintiff to show that there are genuine issues of fact to be tried.

Summary judgment will be entered for defendant.

1. At argument and in his brief defendant applies Pennsylvania law. The plaintiff filed no brief and at argument his Ohio counsel did not contest the applicability of Pennsylvania law by suggesting that it differed from Ohio law.

2. Without deciding whether or not the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A.Appendix, § 501 et seq., is applicable to a fiduciary who is in the Navy, it is apposite to note that no application for a stay of proceedings has been made pursuant to § 521 of that Act.